LAND, J.
Plaintiff, on July 16, 1906, had a settlement of accounts with the defendant, and gave his note for $7,844.95 for the balance found to be due by him. This note was made payable one year after date, without interest. Defendant was without means, but seems to have been considered an expert buyer of timber lands.
On the same day the defendant submitted *783 to plaintiff a proposition in writing, as follows, to wit:
“We will allow you at tlie rate of $2.00 per M. stumpage for any cut-over lauds you may purchase for our account, provided said land average 5 M. ft. merchantable timber per acre, and will allow you at the rate of $2.50 per M. stumpage for any virgin timbered' lands purchased for our account, a'greeing to credit your note for $7,844.95, given us this date to balance your account, with any margin you may make on above purchases, within the term of one year, subject to our inspection and approval, and the only restriction being that we are not to pay either in cash or bankable paper to exceed at the rate of $1.25 per M. on cut-over lands, and $1.50 per M. on virgin lands, and the balance to go to the credit of your note.”
Under this contract plaintiff was to receive as his commission the difference between $2 and $1.25 on cut-over lands, i. e., 75 cents per thousand feet, and the difference between $2.50 and $1.50 on virgin lands, i. e., $1 per thousand feet, all of which commissions were to be credited on plaintiff’s note in favor of the defendant. Under this contract the lowest commission was $3.75 per acre.
Affer plaintiff had purchased a number of tracts of timber land for account of thé defendant, at the instance of the latter, the plaintiff ceased buying in December, 1900. As each purchase was made, the plaintiff furnished the defendant a memorandum statement describing the tract and stating the price to be paid to the owner. Thereupon the title was made directly to the defendant for a round sum of money representing the price. Thus, on August 24, 1906, a deed was made from Albert L. Hagan to the defendant, conveying 1G3.9G acres of land, more or less, for the price of $12,000, paid in cash.
In August 1907 the president and another officer of the defendant company, and the plaintiff, looked over the lands purchased, and the president declared that he was satisfied with the stumpage and would return the note the next day.
On the next day the president wrote to the plaintiff as follows:
“Although some of the lands will hardly come up to our requirements, we feel satisfied that •there is enough stumpage on the lands to cover our agreement, so we herewith return your note duly canceled and call it square. This has been an easy way to pay us your account, and you should feel proud that it is wiped out.”
The next day the plaintiff prepared a statement, wherein he claimed that the • defendant owed him a balance of $3,8S9. On defendant’s refusal to admit such indebtedness, or any part thereof, plaintiff instituted the present suit to recover an alleged balance of $4,539 as due by the defendant.
Defendant pleaded the general issue, and specially averred that it had fully paid plaintiff all sums and amounts due him under the contract sued on.
There was judgment for the defendant, and the plaintiff has appealed.
The facts and circumstances of the case, and the extraordinary commissions allowed the plaintiff by the terms of the agreement, show that the contract in question was in the nature of a composition made between creditor and debtor. Plaintiff called several officers of the defendant company to the stand, and their testimony shows that the sole purpose of the contract was to enable the plaintiff to satisfy his note.' The contract on its face makes no provision whatever for the payment of commissions, otherwise than by credit on the said note.
It may be that the plaintiff is entitled to some compensation for the purchase of timber lands and timber outside of and beyond the contract; but counsel for plaintiff admits in their brief that, if the contract was to end with the payment and satisfaction on the note sued on, then the case is with the defendant.
Judgment affirmed.